[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13536
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00135-CR-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRICK ROWE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 4, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Larrick Rowe appeals his 84-month sentence, which was at the low-end of

his guideline range, for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Rowe does not appeal his 60-month sentence for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), which runs consecutive to his drug conviction. Rowe's 84-month sentence was based on his possession of both crack and powder cocaine.

On appeal, Rowe argues that the prosecutor committed prosecutorial misconduct at sentencing because, although he recited the United States Department of Justice's ("DOJ's") policy supporting the elimination of the crack/powder cocaine disparity in the Sentencing Guidelines, he undermined the DOJ's policy by arguing for a sentence towards the middle of his guideline range. He contends that, as a result, the district court refused to vary below the low-end of his guideline range.

Normally, we review "claims of prosecutorial conduct *de novo*." *United States v. Merrill*, 513 F.3d 1293, 1306 (11th Cir. 2008). However, because Rowe failed to object to the prosecutor's statements before the district court, we review "for plain error that is so obvious that failure to correct it would jeopardize the fairness and integrity of the trial." *Id.* at 1306-07 (quotation omitted). "To establish prosecutorial misconduct, (1) the remarks must be improper, and (2) the

remarks must prejudicially affect the substantial rights of the defendant." *Id.* at 1307.

Because the prosecutor complied with the DOJ's policy, which required him to inform the district court that the DOJ and the Obama Administration supported the elimination of the crack/powder cocaine disparity in the Sentencing Guidelines, he did not commit prosecutorial misconduct, plainly or otherwise, by arguing for a within-guideline sentence. Accordingly, upon review of the record and consideration of the parties' briefs, we affirm Rowe's 84-month sentence for possession with intent to distribute cocaine.

**AFFIRMED.**